UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD WINN, SR.                    )   Case No. 2:10-CV-1030-JAM-CMK
                                     )
                  Plaintiff,         )   ORDER GRANTING DEFENDANTS'
                                     )   MOTION TO DISMISS
        v.                           )
                                     )
LASSEN CANYON NURSERY INC,           )
LASSEN CANYON NURSERY INC.           )
401(K) PROFIT SHARING PLAN, LIZ      )
ELWOOD-PONCE, DENNIS CARGILE,        )
                                     )
                  Defendants.        )
_____)

   This matter comes before the Court on Defendants' Lassen Canyon

Nursery Inc, Lassen Canyon Nursery Inc. 401(k) Profit Sharing Plan,

and Liz Elwood-Ponce ("Defendants'") Motion to Dismiss (Doc. 6)

Plaintiff Richard Winn, Sr.'s ("Plaintiff's") Complaint (Doc. 1),

for failure to state a claim pursuant to Federal Rule of Civil

Procedure section 12(b)(6).  Plaintiff opposes the motion.[1]  For

the reasons set forth below, Defendants' motion is granted.

_____
[1] This motion was determined to be suitable for decision without
oral argument. E.D. Cal. L.R. 230(g).

1

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

2       The Complaint alleges that Plaintiff was an employee of
3  Defendant Lassen Canyon Nursery (the "Nursery").  Plaintiff was
4  part of the Nursery's Profit Sharing Plan, and entered into a 2007
5  Plan Agreement (the "plan").  At the time of Plaintiff's separation
6  from the Nursery in November 2007, Plaintiff alleges irregularities
7  in the valuation of his account.  Plaintiff alleges that the
8  Nursery then modified the plan without informing plan members,
9  violated plan terms, and dealt unfairly with Plaintiff.  Plaintiff
10  brought nine causes of action, alleging breach of the 2007 and 2008
11  plans, breach of the duty of good faith and fair dealing,
12  misappropriation of interest, breach of contract and breach of
13  fiduciary duty, and requesting (though also captioned as causes of
14  action) declaratory judgment action, inspection of corporate
15  records and accounting and declaratory judgment.

16       The Complaint was originally filed in the Shasta County
17  Superior Court.  Defendants removed the case (Doc. 1) to this Court
18  under 28 U.S.C. §§ 1331, 1441(b) and 1446. The case was removed on
19  the grounds that all claims are completely preempted by the
20  Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.
21  § 1132.  Thereafter, Defendants filed the present motion to
22  dismiss, alleging complete preemption under ERISA.  Plaintiff filed
23  an opposition brief (Doc. 12), captioned as a reply, in which he
24  opposes dismissal and asks the court to grant leave to amend should
25  the Court decide to dismiss the Complaint.  Plaintiff's opposition
26  brief raises a host of new allegations not present in the
27  Complaint.  The opposition brief does not address the preemption
28  issue, rather Plaintiff states that each of the claims in the

1  Complaint is actually a claim under ERISA.  The original Complaint

2  does not contain any claims for relief under ERISA nor any

3  allegations that ERISA was violated.  Defendants' Reply brief (Doc.

4  14) argues that while Plaintiff appears to agree that the claims

5  should have been brought under ERISA, Plaintiff raised no ERISA

6  allegation in the Complaint, thus the Complaint remains preempted.

7

8                         II.   OPINION

9        A.   Legal Standard

10       In considering a motion to dismiss under Federal Rule of Civil

11  Procedure section 12(b)(6) for failure to state a claim, the court

12  must accept the allegations in the complaint as true and draw all

13  reasonable inferences in favor of the plaintiff.  Scheur v. Rhodes,

14  416 U.S. 232, 236 (1975), overruled on other grounds by Davis v.

15  Schere, 468 U.S. 183 (1984).  Assertions that are mere "legal

16  conclusions," however, are not entitled to the assumption of

17  truth."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing

18  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a

19  motion to dismiss, a plaintiff needs to plead "enough facts to

20  state a claim to relief that is plausible on its face."  Twombly,

21  550 U.S. at 570.

22       Upon granting a motion to dismiss, a court has discretion to

23  allow leave to amend the complaint pursuant to Federal Rule of

24  Civil Procedure section 15(a).  "Absent prejudice, or a strong

25  showing of any [other relevant] factor[], there exists a

26  presumption under Rule 15(a) in favor of granting leave to amend."

27  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th

28  Cir. 2003).  Courts may dismiss a case without leave to amend if

1  the plaintiff is unable to cure the defect by amendment.  Lopez v.
2  Smith, 203 F.3d 1122, 1120 (9th Cir. 2000).

3      When ruling on a motion to dismiss, the focus of the Court is
4  on the allegations of the Complaint.  The Court may not consider
5  new allegations and arguments raised in the opposition brief.  See
6  Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197
7  (9th Cir. 1998).

8      B.   ERISA Preemption

9      "The purpose of ERISA is to provide a uniform regulatory
10 regime over employee benefit plans."  Aetna Health, Inc., v.
11 Davilla, 542 U.S. 200, 208 (2004). Though Plaintiff filed his
12 Complaint in State Court, bringing state law claims,

13         when a federal statute wholly displaces the state-law
           cause of action through complete preemption, the state
14         claim can be removed.  This is so because when the
           federal statute completely preempts the state-law
15         cause of action, a claim which comes within the scope
           of that cause of action, even if pleaded in terms of
16         state law, is in reality based on federal law.  ERISA
           is one of these statutes."  Id. at 207-208.
17

18     ERISA contains a comprehensive scheme of civil remedies to
19 enforce its provisions.  Cleghorn v. Blue Shield, 408 F.3d 1222,
20 1225 (9th Cir. 2005).  Accordingly, ERISA provides the exclusive
21 procedure for the recovery of benefits, or the enforcement or
22 clarification of rights under the terms of employee benefit plans.
23 See Id., at 1225; Aetna Health, at 208-210.

24     Here, Plaintiff is seeking to recover benefits he alleges are
25 owed to him under the Nursery's employee benefit plan, and seeking
26 declaratory judgment to clarify and enforce the terms of the plan.
27 Accordingly, his state claims are preempted.  Plaintiff's Complaint
28 fails to state a claim upon which relief can be granted, as every

1   claim for relief is preempted by ERISA.  However, the Court will

2   grant leave to amend the Complaint, so as to allow Plaintiff an

3   opportunity to correctly plead his claims under ERISA.

4

5                              III. ORDER

6        Defendants' Motion to Dismiss is GRANTED, without prejudice.

7   An amended complaint must be filed within twenty (20) days of the

8   date of this Order and served on all Defendants, including Dennis

9   Cargile.

10        IT IS SO ORDERED.

11   Dated: November 10, 2010

12                                   JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28