IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD WINN, Sr.,

        Plaintiff,                  No. CIV S-10-1030 KJM CMK

    vs.

LASSEN CANYON NURSERY, INC., et al.,

        Defendants              <u>ORDER</u>

_____/

        Defendant Dennis Cargile has filed a motion to dismiss plaintiff's first amended complaint on the ground that service of process was insufficient and, in the alternative, that the complaint fails to state a claim against him. Plaintiff has opposed the motion. The court determined that the matter could be decided without argument and ordered it submitted on the papers.

I. <u>Procedural Background</u>

        On April 27, 2010, defendants Lassen Canyon Nursery, Inc., Lassen Canyon Nursery, Inc., 401(K) Profit Sharing Plan and Liz Elwood-Ponce removed this case from Shasta County Superior Court. ECF No. 1. Among the documents filed with the notice of removal was a Summons, issued by Shasta County Superior Court, with the box checked for "personal delivery," but without a date filled in. ECF No. 2 at 30.

1

The three defendants filed a motion to dismiss for failure to state a claim two days later, which the court granted on November 10, 2010.  ECF No. 16.  Plaintiff filed a First Amended Complaint (FAC) on November 30, 2010.  ECF No. 17.  He also filed a document called "certificate of service of Shasta County Superior Court summons, original complaint and notice of removal of action to United States District Court under 28 U.S.C. Section 1441(b) and first amended complaint," in which counsel averred that she served the Shasta County Superior Court summons, along with the original and amended complaints and notice of removal "by personally delivering copies to the designated address for the Lassen Canyon Nursery, Inc. 401(dk) Profit Sharing Plan Administrator as follows: Dennis Cargile, Plan Administrator, Lassen County Nursery, Inc., 1300 Salmon Creek Road, Redding, CA 96001," and by mailing a copy to "Dennis Cargile, Bidwell Consulting Services, Inc., P.O. Box 8150, Chico, CA 95927-8150."  ECF No. 19 at 2; *see also* ECF Nos. 18, 20 (certificates of service with same information).

II. Analysis

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a party may file a motion to dismiss for "insufficient service of process."  When service is challenged, plaintiff has the burden of establishing its validity.  *Team Enterprises, LLC v. Western Investment Real Estate Trust*, 2008 WL 4367560, at *1 (E.D. Cal. 2008).  A court may quash service, rather than dismiss the action, if there is no prejudice to the defendant and it appears proper service can be effected.  *Id*.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service may be accomplished by "delivering a copy of the summons and of the complaint to the individual personally," leaving a copy of each at the person's residence with a person of suitable age, or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," or by following the state law for service of a summons.

/////

In California, a summons and complaint may be served by personal delivery or by leaving a copy of the summons and complaint at a defendant's usual place of business with a person "apparently in charge." Cal. Civ. Proc. Code §§ 415.10, 415. 20; *O'Haire v. Napa State Hospital*, 2010 WL 3929690, at *3 (N.D. Cal. 2010). Service by mail is permitted, but it is valid "only if a signed acknowledgment is returned," among other requirements. *Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994); Cal. Civ. Proc. Code § 415.30.

Plaintiff does not suggest that service was accomplished by delivery of the summons and complaint to defendant Cargile personally or to his home and left with a suitable person. He does argue that service on Cargile at Lassen Nursery was proper because Cargile was served as "Plan Administrator." Opp'n at 4. He has attached three state "Proof of Service of Summons" forms, one of which designates the "party served" as "Lassen Canyon Nursery 401(k) Profit Sharing Plan and Dennis Cargile, Plan Administrator," and recites that this party was served by personal delivery on "Liz Elwood-Ponce, authorized agent at Lassen Canyon Nursery, Inc." ECF No. 25 at 13. In another section of the form, the process server certified that "the 'notice to the person served' was completed as follows: on behalf of . . . Dennis Cargile, Plan Administrator . . . under the following Code of Civil Procedure section" and checked the box next to "416.10 (corporation)." ECF No. 25 at 14. As noted on the summons, that section of the California Code of Civil Procedure permits service on a corporation by leaving the summons and complaint with the agent designated for service of process. Cal. Civ. Proc. Code § 416.10 (a). The section does not say that service may be accomplished on a plan administrator or even on a corporate officer by leaving the summons and complaint with the agent designated for corporate service. Plaintiff has cited nothing suggesting that this provision allows service on an individual, whatever his capacity, by giving the necessary documents to a corporate agent.

Under Rule 4(e)(2)(C), service on a person may be accomplished "by delivering a copy . . . to an agent authorized by appointment or law to receive service of process." Under California law, service may be effected "by delivering a copy of the summons and of the

3

complaint to . . . a person authorized by him to receive service of process." Cal. Civ. Proc. Code § 416.90.  Under the federal rule, "[t]he 'agent' referred to in the rule is not just an employee or business agent of some kind, rather, he or she must be an agent specifically designated to receive the service of process." *Moody v. Finander*, 2010 WL 5535703, at *2 (S.D. Cal. Dec. 1, 2010) (findings and recommendations), *adopted by* 2011 WL 42789 (S.D. Cal. Jan. 6, 2011).  Under the California Code of Civil Procedure, "being a person's agent other than to accept service is not enough to establish actual or implied authority to accept service of process, 'even if their relationship makes it highly probable that defendant will receive actual notice of the lawsuit.'" *Id*. (*quoting Summers v. McClanahan*, 140 Cal.App.4th 403, 414 (2006) (service on defendant's personal manager)).  Plaintiff has presented no evidence showing that Elwood-Ponce was specially designated or authorized to accept service on Cargile's behalf, or that Elwood-Ponce and Cargile "had a close business or personal relationship, which would make it highly likely [Elwood-Ponce] would inform [Cargile] []he was being sued." *Summers*, 140 Cal. App.4th at 415.  Plaintiff appears to suggest that Cargile's role as Plan Administrator establishes the necessary connection, but in the absence of any evidence on this question, he has not borne his burden of demonstrating that service on Elwood-Ponce constituted service on Cargile.

      Cargile acknowledges that a court may quash service if it finds service to be insufficient.  Motion To Dismiss at 6.  He has not suggested he will be prejudiced if service is quashed rather than the action dismissed.

      IT IS THEREFORE ORDERED that defendant Cargile's motion (ECF No. 21) is granted and service on Cargile is quashed.

DATED:  May 4, 2011.

_____
UNITED STATES DISTRICT JUDGE

2

winn1030.mtq

4