1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD WINN,

11            Plaintiff,              No. CIV S-10-1030 KJM-CMK

12      vs.

13   LASSEN CANYON NURSERY, INC.; et al.;

14            Defendants.            <u>ORDER</u>

15   _____/

16            This matter is before the court on defendant Dennis Cargile's ("defendant")

17   motion to dismiss plaintiff's amended complaint.  (ECF 36.)  This matter was decided without

18   oral argument.  For the following reasons, defendant's motion is GRANTED.

19   I.   <u>FACTS AND PROCEDURAL HISTORY</u>

20            Plaintiff filed this action in Shasta County Superior Court on December 8, 2009,

21   and defendants removed it to this court on April 27, 2010.  (ECF 2.)  The previously assigned

22   district judge dismissed the complaint without prejudice on November 10, 2010.  (ECF 16.)

23   Plaintiff filed the operative amended complaint on November 30, 2010.  (ECF 17.)  Defendant

24   filed a motion to dismiss on December 30, 2010 (ECF 21), which was granted; service on

25   defendant was quashed by the undersigned on May 4, 2011 (ECF 31).  Plaintiff did not

26   subsequently effect proper service on defendant; however, defendant apparently has waived his

1

1   objections by stipulating to an extension of time to respond to the amended complaint (ECF 34)

2   and filing this motion to dismiss (ECF 36).

3      Defendant filed the present motion to dismiss on August 30, 2011.  Plaintiff filed

4   his opposition on November 16, 2011.  (ECF 53.)  Defendant filed his reply on November 23,

5   2011.  (ECF 56.)

6   II.   <u>ANALYSIS</u>

7     A.  Standard

8      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

9   dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

10   dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

11   under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

12   1990).

13      Although a complaint need contain only "a short and plain statement of the claim

14   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion

15   to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

16   claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

17   1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must

18   include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"

19   or "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'"

20   *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a

21   motion to dismiss for failure to state a claim is a "context-specific task that requires the

22   reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  Ultimately,

23   the inquiry focuses on the interplay between the factual allegations of the complaint and the

24   dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

25      In making this context-specific evaluation, this court must construe the complaint

26   in the light most favorable to the plaintiff and accept as true the factual allegations of the

1  complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

2  conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

3  (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject

4  to judicial notice" or to material attached to or incorporated by reference into the complaint.

5  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's

6  consideration of documents attached to a complaint or incorporated by reference or matter of

7  judicial notice will not convert a motion to dismiss into a motion for summary judgment.

8  *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003);  *Parks School of Bus. v. Symington*,

9  51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir.

10  2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally

11  court is limited to face of the complaint on 12(b)(6) motion).

12      B.    Application

13          Defendant contends plaintiff's amended complaint must be dismissed because,

14  contrary to plaintiff's allegations, defendant is not the plan administrator.  (Mem. of P.&A. in

15  Support of Mot. to Dismiss ("Mot.") at 4-6, ECF 36.)  Plaintiff contends that defendant's motion

16  to dismiss must be denied because even if defendant is not the plan administrator, defendant is a

17  fiduciary.  (Opp'n at 3-8, ECF 52.)

18          Plaintiff's complaint alleges only that Cargile is the plan administrator.  (Am.

19  Compl. ¶¶ 3, 4.)  Plaintiff provides no convincing support for his contention that the court must

20  look beyond the plain language in the documents comprising the Lassen Canyon Nursery, Inc.

21  401(k) Profit Sharing Plan ("Plan") to find that defendant is actually the plan administrator, nor

22  does he deny that the Plan documents name Lassen Canyon Nursery, Inc. as the plan

23  administrator.[1]  In any case, the Employee Retirement Income Security Act ("ERISA") clearly

24  _____

25  [1] The court finds it unnecessary to take judicial notice of the Plan's Summary Plan
    Description, as it is attached to plaintiff's amended complaint; it is also unnecessary for the court
    to take judicial notice of plaintiff's amended complaint.  Moreover, the court declines to grant

26  defendant's remaining requests for judicial notice as the court has not relied on any of the

1  defines "administrator" as "the person specifically so designated by the terms of the instrument

2  under which the plan is operated." 29 U.S.C. § 1002(16)(A)(I).  As such, "courts require a

3  substantial showing that any party other than the Plan administrator named by the Plan actually

4  controls the Plan." *Blackwood v. Sun Life Assur. Co.*, 2008 U.S. Dist. LEXIS 80308, at *8-9

5  (E.D. Cal. Sep. 12, 2008).

6  　　　　　Even if the court were to view defendant as simply a fiduciary, plaintiff's

7  amended complaint does not survive the pending motion.  ERISA states: "a person is a fiduciary

8  with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary

9  control respecting management of such plan or exercises any authority or control respecting

10  management or disposition of its assets, (ii) he renders investment advice for a fee or other

11  compensation, direct or indirect, with respect to any moneys or other property of such plan, or

12  has any authority or responsibility to do so, or (iii) he has any discretionary authority or

13  discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

14  Plaintiff does not allege that defendant was a fiduciary of the Plan, except to the extent he refers

15  to defendant as plan administrator.  In fact, it is wholly unclear from the facts set forth in the

16  amended complaint what defendant's relationship is to the other defendants and Plan in question.

17  　　　　　Having found that plaintiff's amended complaint must be dismissed against

18  defendant for failure to state a claim, the court need not reach defendant's alternative motions for

19  more definite statement and to strike.

20  /////

21  /////

22  /////

23  /////

24

25  _____

26  documents covered by the request in deciding this motion.  (Def.'s Req. for Judicial Notice,
ECF 37.)  Plaintiff's objections are overruled.  (Pl.'s Obj. to Def.'s Req., ECF 53.)

III.   <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion is GRANTED; plaintiff's first amended complaint is dismissed as to defendant Cargile with leave to amend.  A second amended complaint, if any, must be filed by plaintiff within twenty (20) days of the entry of this order.

IT IS SO ORDERED.

DATED:  December 14, 2011.

_____
UNITED STATES DISTRICT JUDGE